## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>*Document Filed Electronically* |

Plaintiff, Zurich American Insurance Company ("Zurich"), by way of Complaint for Declaratory Judgment against Defendant, Crum & Forster Specialty Insurance Company ("Crum & Forster") alleges as follows:

### NATURE OF THE ACTION

1.      This declaratory judgment action arises from a personal injury action filed in the Superior Court of New Jersey, Camden County Vicinage, entitled *Steven Everett and Ann Everett, h/w v. Goodman Properties, LLC et al.*, CAM-L-112-21 (the "Underlying Action").

2.      In the Underlying Action, Steven Everett and Ann Everett ("Claimants") allege that Steven Everett was injured on January 14, 2019, on premises located at the intersection of Route 47 and Union Lake Boulevard in Millville, New Jersey (the "Premises"), which was operating as a Sonic Drive-In Restaurant ("Sonic").

3.      Upon information and belief, Steven Everett was injured during the course and scope of his employment with Waste Management of South Jersey ("Waste Management").

4.      Upon information and belief, Goodman Properties/Goodmill LLC ("Goodmill") entered into a Lease Agreement with 2162 N. 2nd Street LLC ("2162 North Second") requiring

1

3253965

2162 North Second to provide additional insured coverage to Goodmill for operations on the Premises.

5.　　Zurich issued Policy No. CPO 5834698-06 to Goodmill for the policy period November 1, 2018 to November 1, 2019 (the "Zurich Policy") and Zurich provided defense and indemnity coverage to Goodmill for the Underlying Action.

6.　　Crum & Forster provided Policy No. GLO-541374 to 2162 North Second for the policy period May 1, 2018 to May 1, 2019 (the "Crum & Forster Policy").

7.　　Zurich has repeatedly tendered the defense and indemnification of Goodmill to Crum & Forster on the grounds that Goodmill qualifies as an additional insured under the Crum & Forster Policy.

8.　　Crum & Forster has failed to acknowledge: (1) that Goodmill is an additional insured under the Crum & Forster Policy; and (2) that Crum & Forster has a duty to defend and indemnify Goodmill under the Crum & Forster Policy.

9.　　In this action, Zurich seeks a declaration that: (1) Goodmill is an additional insured under the Crum & Forster Policy; (2) Goodmill was entitled to a defense in the Underlying Action from Crum & Forster; (3) Goodmill was entitled to indemnification as an additional insured in the Underlying Action from Crum & Forster; and (4) Crum & Forster is obligated to reimburse Zurich for all defense and indemnity costs incurred by Zurich in the defense and settlement of the Underlying Action, plus interest.

## PARTIES

10.　　Zurich is a New York corporation, engaged in the insurance business, with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New

York 10006, and its principal place of business located 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in New Jersey.

11.     Upon information and belief, Crum & Forster is a New Jersey corporation with a principal place of business in New Jersey and was at all relevant times authorized to issue policies of insurance in the State of New Jersey.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201-02 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) the matter is between citizens of different states.

13.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE UNDERLYING ACTION

14.     On or around July 21, 2021, Claimants filed a Third Amended Complaint in the Underlying Action against Goodmill, Qual-Fresh LLC, D/B/A/ Sonic Drive-In ("Qual-Fresh"), Brightview Landscapes, LLC ("Brightview"), Turfscapes, LLC ("Turfscapes"), and 2162 North Second. A copy of the Third Amended Complaint is attached hereto as Exhibit "A".

15.     In the Third Amended Complaint, Claimants allege that Plaintiff Steven Everett ("Everett") was emptying a dumpster believed to be dedicated to the Sonic Drive-In located on the Premises when he was "caused to slip and fall on ice on the pavement" and "sustained diverse personal injuries of both a permanent and temporary nature […]" allegedly as a result of the acts and/or omissions of Qual-Fresh, Goodmill, 2162 North Second, Brightview, and/or Turfscapes.

16.     On or around October 1, 2021, Goodmill responded to the Third Amended Complaint and asserted certain crossclaims for contribution, indemnification and contractual indemnification against the other defendants. Goodmill's Answer is attached hereto as Exhibit "B".

17.     On or around December 6, 2021, the deposition of Everett took place. Everett testified that his foot slipped on some grease in addition to snow and that Sonic had a problem with grease overflowing out of a grease can that was inside of the enclosure.

18.     The Underlying Action settled on or around August 2023. Of note, the additional insured claims against Crum & Forster were preserved. Zurich incurred significant costs on behalf of Goodmill in both the defense and ultimate settlement of the Underlying Action.

## LEASE AGREEMENT

19.     On or around August 2, 2018, Goodmill entered into a Lease Agreement with 2162 North Second for "[t]he area commonly referred to as 'Pad 15', located at the intersection of Route 45 and Union Lake Boulevard, Millville, NJ", which encompasses the Premises (the "Lease Agreement").

20.     Goodmill, as Lessor agreed to lease "Pad 15", the drive thru lane, and approximately 1,728 square foot building thereon, located at the intersection of Route 47 and Union Lake Boulevard, Millville, NJ to 2162 North Second, as Lessee.

21.     In the Lease Agreement, 2162 North Second, as Lessee, agreed to provide Goodmill, as Lessor, with additional insurance pursuant to the following terms:

8.     **INDEMNIFICATION AND INSURANCE.**

\*        \*        \*

B.     **Lessee's Insurance.**

4

3253965

(1)    Lessee, at its sole cost and expense, shall purchase and maintain during the Term, comprehensive bodily injury and property damage liability insurance against claims for bodily injury, death or property damage, occurring in, on or about the Premises, naming Lessee as the insured and Lessor as an additional named insured, such insurance to afford minimum protection of not less than Two Million Dollars ($2,000,000.00) combined single limit coverage. The minimum limits of the commercial general liability insurance policy described in this Section shall be subject to increase at any time after the fifth Lease Year (as hereinafter defined) and from time to time thereafter (but no ore frequently than once every five (5) years) if deemed necessary by Lessor for adequate protection based upon similar insurance coverage amounts maintained by prudent owners or lessee's of property comparable to the Premises in the South Jersey area and if available at commercially reasonable rates, such increased minimum limits to be requested by Lessor upon not less than ninety (90) days prior notice to Lessee.

\*        \*        \*

c.    **Policy Requirements for Lessee's Insurance.** All policies of insurance shall be nonassessable and shall be issued by responsible insurance companies, holding a rating of "A"/Class XI or better by Best's Insurance Reports, or by an equivalent rating bureau should Best's Insurance Reports cease to be issued, qualified to do business in New Jersey and qualified under the laws of New Jesey to assume risks covered by all policies. The general liability and casualty policies shall name as additional insureds Lessor and its designees, as their interests may appear. Losses under any casualty policy shall contain a provision by which the insurers agree that each such policy shall not be canceled or modified except after thirty (30) days written notice to Lessor and its designees. Policies or certificates thereof shall be deposited with Lessor at least fifteen (15) days prior to the Commencement Date. If Lessee shall fail to perform any of its obligations under this Section, Lessor may, at its sole discretion, perform same, and the cost thereof shall be payable as Additional Rent upon demand by Lessor, and/or declare Lessee to be in default hereunder and exercise any or all of its remedies provided for in Section 19B below.

\*        \*        \*

## CLAIMS CORRESPONDENCE

3253965

22.     On or around July 25, 2022, defense counsel for Goodmill in the Underlying Action, on behalf of Zurich, issued a letter to counsel for 2162 North Second demanding defense and indemnification for Goodmill in the Underlying Action, as well as additional insurance coverage.

23.     On or around August 12, 2022, 2162 North Second denied Goodmill's tender.

24.     On or around January 17, 2023, defense counsel for Goodmill re-tendered the defense and indemnification of Goodmill to 2162 North Second.

25.     On or around February 1, 2023, 2162 North Second denied Goodmill's tender.

26.     On or around August 23, 2023, Coughlin Midlige & Garland ("CMG"), on behalf of Zurich, issued a request for coverage directly to Crum & Forster, insurer for 2162 North Second and Qual-Fresh/Sonic.

27.     After receiving no response, CMG, on behalf of Zurich, issued a follow-up to Crum & Forster on or around May 16, 2024.

28.     On or around May 20, 2024, Crum & Forster denied Zurich's tender but did not address Zurich's request for additional insured coverage on behalf of Goodmill for the Underlying Action.

29.     On or around April 4, 2025, CMG, on behalf of Zurich, issued a final demand to Crum & Forster.

30.     Crum & Forster has not responded to Zurich's final demand.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST CRUM & FORSTER
#### (Declaratory Judgment – Additional Insured Status)

31.     Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 30 as if fully set forth herein.

3253965

32.    Upon information and belief, Goodmill qualifies as an additional insured for the Underlying Action under the terms of the Crum & Forster Policy issued to 2162 North Second.

33.    To date, Crum & Forster has failed to acknowledge that Goodmill is an additional insured for the Underlying Action.

34.    An actual and justiciable controversy exists between Zurich and Crum & Forster concerning Goodmill's status as an additional insured for the Underlying Action.

35.    A resolution of this dispute is necessary to resolve whether Goodmill qualifies as an additional insured for the Underlying Action under the Crum & Forster Policy.

36.    Therefore, Zurich seeks a judicial determination and declaration that Goodmill qualifies as an additional insured under the Crum & Forster Policy for the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CRUM & FORSTER
### (Declaratory Judgment – Duty to Defend)

37.    Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 36 as if fully set forth herein.

38.    Upon information and belief, under the terms of the Crum & Forster Policy, Crum & Forster had a duty to defend Goodmill as an additional insured in the Underlying Action on a primary, non-contributory basis.

39.    To date, Crum & Forster has failed to acknowledge its duty to defend Goodmill on a primary, non-contributory basis in the Underlying Action.

40.    An actual and justiciable controversy exists between Zurich and Crum & Forster concerning Goodmill's entitlement to a defense for the Underlying Action under the Crum & Forster Policy.

3253965

41.     A resolution of this dispute is necessary to resolve Crum & Forster's duty to defend Goodmill in the Underlying Action and to reimburse Zurich for fees and expenses, which it has expended for the defense of Goodmill.

42.     Therefore, Zurich seeks a judicial determination and declaration that Crum & Forster was obligated to defend Goodmill in the Underlying Action on a primary, non-contributory basis.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST CRUM & FORSTER
**(Declaratory Judgment – Duty to Indemnify)**

43.     Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 42 as if fully set forth herein.

44.     Upon information and belief, under the terms of the Crum & Forster Policy, Crum & Forster had an obligation to indemnify Goodmill as an additional insured in the Underlying Action on a primary, non-contributory basis.

45.     To date, Crum & Forster has failed to acknowledge its obligation to indemnify Goodmill.

46.     An actual and justiciable controversy exists between Zurich and Crum & Forster concerning Crum & Forster's obligation to indemnify Goodmill in the Underlying Action.

47.     A resolution of this dispute is necessary to resolve Crum & Forster's duty to indemnify Goodmill in the Underlying Action and to reimburse Zurich for fees and expenses, which it has expended for the indemnity of Goodmill.

48.     Therefore, Zurich seeks a judicial determination and declaration that Crum & Forster was obligated to defend Goodmill in the Underlying Action on a primary, non-contributory basis.

3253965

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CRUM & FORSTER**
**(Equitable Contribution – Reimbursement of Costs Paid by Zurich and Damages)**

49.    Zurich repeats and re-alleges each and every allegation in Paragraphs 1 through 48.

50.    Crum & Forster has wrongfully failed to provide Goodmill with a defense as an additional insured for the Underlying Action.

51.    Crum & Forster has wrongfully failed to indemnify Goodmill as an additional insured for the Underlying Action.

52.    Upon information and belief, Crum & Forster's failure to provide a defense to Goodmill in the Underlying Action on a primary and non-contributory basis violates the terms of the Crum & Forster Policy.

53.    Upon information and belief, Crum & Forster's failure to indemnify Goodmill in the Underlying Action violates the terms of the Crum & Forster Policy.

54.    As a direct and proximate result of Crum & Forster's failure to provide a defense to Goodmill in the Underlying Action in violation of the obligations set forth in the Crum & Forster Policy, Zurich has incurred considerable defense costs on behalf of Goodmill in the Underlying Action.

55.    As a direct and proximate result of Crum & Forster's failure to indemnify Goodmill in the Underlying Action in violation of the obligations set forth in the Crum & Forster Policy, Zurich has incurred considerable costs on behalf of Goodmill in the Underlying Action.

56.    An actual and justiciable controversy exists between Zurich and Crum & Forster regarding Crum & Forester's obligation to reimburse Zurich for the defense costs incurred on behalf of Goodmill in the Underlying Action.

57.    Accordingly, the Court should award to Zurich, and order Crum & Forster to pay, all amounts that Zurich has incurred or will incur in the defense and indemnity of Goodmill in the Underlying Action, from the date of the initial tender request to the present, plus statutory interest.

**WHEREFORE**, Zurich respectfully request that the Court enter a judgment:

1.    On the first cause of action, for a judgment declaring that Goodmill qualifies as an additional insured under the Crum & Forester Policy.

2.    On the second cause of action, for a judgment declaring that Crum & Forster has a duty to defend Goodmill in the Underlying Action as an additional insured on a primary and non-contributory basis.

3.    On the third cause of action, for a judgment declaring that Crum & Forster has a duty to indemnify Goodmill in the Underlying action as an additional insured under the Crum & Forster Policy.

4.    On the fourth cause of action, for an order awarding Zurich money damages against Crum & Forster for all costs incurred by Zurich in the defense and indemnity of Goodmill in the Underlying Action, plus interest; and

5.    Such other and further relief as the Court deems just and proper.

Dated: New York, New York
        January 13, 2026

                        **COUGHLIN MIDLIGE & GARLAND LLP**

                        By:      /s/ Adam M. Smith
                                 Adam M. Smith, Esq.
                                 Samantha L. Infermo, Esq.
                                 350 Mount Kemble Avenue
                                 PO Box 1917
                                 Morristown, New Jersey 07962
                                 asmith@cmg.law
                                 sinfermo@cmg.law
                                 *Attorneys for Plaintiff,*
                                 *Zurich American Insurance Company*

3253965

# EXHIBIT A

CONSOLE & ASSOCIATES. P.C.
By: Michael E. Ellery
Attorney I.D. No. 033501995
One Holtec Drive. Suite 100
Marlton, NJ 08053
(856) 778-5500
(856) 778-1918 - fax
mellery@consoleandassociates.com
Attorney for Plaintiff

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT, h/w<br><br>            Plaintiff<br><br>    v.<br><br>GOODMAN PROPERTIES, LLC;<br>QUAL-FRESH, LLC D/B/A SONIC<br>DRIVE-IN; BRIGHTVIEW<br>LANDSCAPES, LLC; TURFSCAPES<br>LLC; JOHN DOE #1-10 (fictitious) and<br>ABC CORPORATION #1-10 (fictitious)<br><br>          Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. CAM-L-112-21<br><br><br>STIPULATION TO AMEND COMPLAINT |

It is agreed by the parties through their attorneys that pursuant to Rule 4:9-1, the

Plaintiffs, Steven Everett and Ann Everett, are permitted to file an Amended Complaint in this

matter. adding 2162 N. 2nd Street LLC and Goodmill, LLC as defendants in this case.

Console & Associates, P.C.

By: _____
     Michael E. Ellery
     Counsel for Plaintiffs


Dengler & Lipski


By: _____
     Christopher P. Morgan
     Counsel for defendant,
     Goodman Management,
     LLC d/b/a Goodman Properties

Freeman Mathis & Gary, LLP

By: _____
     Joshua G. Ferguson
     Counsel for defendant,
     Brightview Landscapes LLC


Reilly, McDevitt & Henrich, P.C.


By: _____
     Margaret M. Jenks
     Counsel for defendant,
     Qual-Fresh, LLC d/b/a
     Sonic Drive-In

CONSOLE & ASSOCIATES. P.C.
By: Michael E. Ellery
Attorney I.D. No. 033501995
One Holtec Drive, Suite 100
Marlton, NJ 08053
(856) 778-5500
(856) 778-1918 - fax
mellery@consoleandassociates.com
Attorney for Plaintiff

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT, h/w<br><br>Plaintiff<br><br>v.<br><br>GOODMAN PROPERTIES, LLC; QUAL-FRESH, LLC D/B/A SONIC DRIVE-IN; BRIGHTVIEW LANDSCAPES, LLC; TURFSCAPES LLC: JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious)<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. CAM-L-112-21<br><br><br>STIPULATION TO AMEND COMPLAINT |

It is agreed by the parties through their attorneys that pursuant to Rule 4:9-1, the

Plaintiffs, Steven Everett and Ann Everett, are permitted to file an Amended Complaint in this

matter, adding 2162 N. 2nd Street LLC and Goodmill, LLC as defendants in this case.

Console & Associates, P.C.

By: _____
    Michael E. Ellery
    Counsel for Plaintiffs


Dengler & Lipski

By: _____
    Christopher P. Morgan
    Counsel for defendant,
    Goodman Management,
    LLC d/b/a Goodman Properties

Freeman Mathis & Gary, LLP

By: _____
    Joshua G. Ferguson
    Counsel for defendant,
    Brightview Landscapes LLC


Reilly, McDevitt & Henrich, P.C.

By: _____
    Margaret M. Jenks
    Counsel for defendant,
    Qual-Fresh, LLC d/b/a
    Sonic Drive-In

CONSOLE & ASSOCIATES. P.C.
By: Michael E. Ellery
Attorney I.D. No. 033501995
One Holtec Drive. Suite 100
Marlton, NJ 08053
(856) 778-5500
(856) 778-1918 - fax
mellery@consoleandassociates.com
Attorney for Plaintiff

---

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT. h/w<br><br>         Plaintiff<br>    v.<br><br>GOODMAN PROPERTIES. LLC;<br>QUAL-FRESH, LLC D/B/A SONIC<br>DRIVE-IN; BRIGHTVIEW<br>LANDSCAPES. LLC; TURFSCAPES<br>LLC; JOHN DOE #1-10 (fictitious) and<br>ABC CORPORATION #1-10 (fictitious)<br><br>        Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>CAMDEN COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. CAM-L-112-21<br><br><br>STIPULATION TO AMEND COMPLAINT |

It is agreed by the parties through their attorneys that pursuant to Rule 4:9-1. the

Plaintiffs, Steven Everett and Ann Everett. are permitted to file an Amended Complaint in this

matter. adding 2162 N. 2nd Street LLC and Goodmill, LLC as defendants in this case.

Console & Associates. P.C.

By: _____
      Michael E. Ellery
      Counsel for Plaintiffs


Dengler & Lipski


By: _____
      Christopher P. Morgan
      Counsel for defendant,
      Goodman Management,
      LLC d/b/a Goodman Properties

Freeman Mathis & Gary, LLP


By: _____
      Joshua G. Ferguson
      Counsel for defendant,
      Brightview Landscapes LLC


Reilly. McDevitt & Henrich, P.C.


By: _Margaret M. Jenks_
      Margaret M. Jenks
      Counsel for defendant,
      Qual-Fresh, LLC d/b/a
      Sonic Drive-In

CONSOLE & ASSOCIATES, P.C.
By: Michael E. Ellery
Attorney I.D. No. 033501995
One Holtec Drive, Suite 100
Marlton, NJ 08053
(856) 778-5500
(856) 778-1918 - fax
mellery@consoleandassociates.com
Attorney for Plaintiffs

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT, h/w | : SUPERIOR COURT OF NEW JERSEY<br>: CAMDEN COUNTY - LAW DIVISION<br>: |
| Plaintiff | : CIVIL ACTION<br>: |
| v. | : DOCKET NO. CAM-L-112-21<br>: |
| GOODMAN PROPERTIES, LLC;<br>QUAL-FRESH, LLC D/B/A SONIC<br>DRIVE-IN; BRIGHTVIEW<br>LANDSCAPES, LLC; TURFSCAPES<br>LLC; 2162 N. 2nd STREET LLC;<br>GOODMILL, LLC; JOHN DOE #1-10<br>(fictitious) and ABC CORPORATION<br>#1-10 (fictitious) | : **THIRD AMENDED COMPLAINT**<br>:<br>:<br>:<br>:<br>: |
| Defendants | |

Plaintiffs, **STEVEN EVERETT and ANN EVERETT h/w**, are adult individuals residing at 59 Enders Drive in Barrington New Jersey, by and through their attorney, Michael E. Ellery, Esquire, state:

## FIRST COUNT
### Goodman Properties, LLC and Qual-Fresh d/b/a Sonic Drive-In, Brightview Landscapes, LLC, Turfscapes LLC, 2162 N. 2nd Street LLC, and/or Goodmill, LLC

1.　On or about January 14, 2019, Plaintiff, Steven Everett, while in the course and scope of his employment with Waste Management of South Jersey, was lawfully on the premises of the Union Lake Crossing Shopping Center, 2102-2198 North 2nd Street, Millville, NJ.

2.　It is believed, and therefore averred that, at all times material, the Union Lake Crossing Shopping Center was owned, controlled, managed, and/or maintained by defendant Goodman Properties, LLC and/or Goodmill, LLC.

3.　It is believed, and therefore averred, that at all times material, Brightview Landscapes, LLC and/or Turfscapes LLC were responsible for snow and ice removal in the area where Plaintiff Steven Everett was injured.

4.　At all times material, Plaintiff Steven Everett was emptying a dumpster, believed to be dedicated to the Sonic Drive-In, located in the Union Lake Crossing Shopping Center at 2162 North 2nd Street, Millville, NJ.

5.     It is believed, and therefore averred, that at all times material, the Sonic Drive-In located at 2162 North 2nd Street Millville, NJ was owned, controlled, managed, and/or maintained by defendant, Qual-Fresh LLC and/or Goodmill, LLC.

6.     While out of his vehicle to empty the dumpster, which was in a confined and enclosed area, Plaintiff Steven Everett was caused to slip and fall on ice on the pavement, which the defendants knew or should have known existed on the premises, but failed to either cure the hazardous condition or warn of the hazardous condition.

7.     The negligence and carelessness of the defendants consisted of the following:

    (a)     failing to keep the premises in a safe condition;
    (b)     failing to exercise proper care in maintaining the premises;
    (c)     causing and permitting a dangerous and hazardous condition to exist;
    (d)     permitting a nuisance to exist;
    (e)     failing to provide proper, safe, and clear access and usage for all persons allowed, permitted, and invited to use the premises;
    (f)     failing to provide proper safeguards and/or warnings on the premises;
    (g)     failing to properly secure and remedy the hazardous condition;
    (h)     failing to properly train and instruct its employees concerning proper maintenance and safety of the premises; and
    (i)     failing to properly design the dumpster enclosure and premises surrounding to prevent hazardous conditions to exist;
    (j)     failing to clear the area where Plaintiff fell of snow and ice; properly and safely
    (k)     acting otherwise negligent in the use, operation, maintenance, design, and control of the premises.

8.     The injuries sustained by Plaintiff, Steven Everett, were caused by the negligence and carelessness of the defendants, Qual-Fresh LLC d/b/a Sonic Drive-In, 2162 N. 2nd Street LLC, Goodman Properties LLC, Goodmill, LLC, Brightview Landscapes, LLC and/or Turfscapes LLC and were in no way caused by any act or failure to act by Plaintiff.

9.     As a result of the acts and/or omissions of defendants, Qual-Fresh LLC d/b/a Sonic Drive-In, 2162 N. 2nd Street LLC, Goodman Properties LLC, Goodmill, LLC, Brightview Landscapes, LLC and/or Turfscapes LLC, Plaintiff, STEVEN EVERETT sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure himself of said injuries, has been and will be prevented from attending to his normal business and affairs, and has been otherwise damaged.

10.     Because Plaintiff Steven Everett was injured in the course and scope of his employment, the applicable workers compensation insurer has a statutory right to a lien for all monies paid in relation to Plaintiff Steven Everett's injuries and damages.

**WHEREFORE,** Plaintiff, **STEVEN EVERETT,** demands judgment against defendants, Qual-Fresh LLC d/b/a Sonic Drive-In, 2162 N. 2nd Street LLC, Goodman Properties LLC, Goodmill, LLC, Brightview Landscapes, LLC and/or Turfscapes LLC for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**SECOND COUNT**
**Defendant, John Doe #1-10 (fictitious)**

11.     Plaintiffs repeat each and every allegation in the First Count of this Complaint as though fully set forth at length herein.

12.     On or about January 14, 2019, Plaintiff, Steven Everett, while in the course and scope of his employment with Waste Management of South Jersey, was lawfully on the premises of the Union Lake Crossing Shopping Center, 2102-2198 North 2nd Street, Millville, NJ.

13.     It is believed, and therefore averred that, at all times material, the Union Lake Crossing Shopping Center was owned, controlled, managed, and/or maintained by defendant John Doe #1-10 (fictitious).

14.     At all times material, Plaintiff Steven Everett was emptying a dumpster, believed to be dedicated to the Sonic Drive-In, located in the Union Lake Shopping Center at 2162 North 2nd Street, Millville, NJ.

15.     It is believed, and therefore averred, that at all times material, the Sonic Drive-In located at 2162 North 2nd Street Millville, NJ was owned, controlled, managed, and/or maintained by defendant, John Doe #1-10 (fictitious).

16.     While out of his vehicle to empty the dumpster, which was in a confined and enclosed area, Plaintiff Steven Everett was caused to slip and fall on ice on the pavement, which the defendant, John Doe #1-10 (fictitious) knew or should have known existed on the premises, but failed to either cure the hazardous condition or warn of the hazardous condition.

17.     Additionally, defendant John Doe #1-10 (fictitious) are individuals who are presently unknown but were responsible for the removal of snow and ice in the area where Plaintiff fell and was injured on January 14, 2019.

18.     The negligence and carelessness of the defendant John Doe # 1-10 (fictitious) consisted of the following:

      (a)    failing to keep the premises in a safe condition;
      (b)    failing to exercise proper care in maintaining the premises;
      (c)    causing and permitting a dangerous and hazardous condition to exist;
      (d)    permitting a nuisance to exist;
      (e)    failing to provide proper, safe, and clear access and usage for all persons allowed, permitted, and invited to use the premises;

(f)    failing to provide proper safeguards and/or warnings on the premises;

(g)    failing to properly secure and remedy the hazardous condition;

(h)    failing to properly train and instruct its employees concerning proper maintenance and safety of the premises; and

(i)    failing to properly design the dumpster enclosure and premises surrounding to prevent hazardous conditions to exist;

(j)    failing to clear the area where Plaintiff fell of snow and ice; properly and safely

(k)    acting otherwise negligent in the use, operation, maintenance, design, and control of the premises.

19.    As a result of the acts and/or omissions of defendant, John Doe #1-10 (fictitious), Plaintiff, STEVEN EVERETT sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure himself of said injuries, has been and will be prevented from attending to his normal business and affairs, and has been otherwise damaged.

20.    Because Plaintiff Steven Everett was injured in the course and scope of his employment, the applicable workers compensation insurer has a statutory right to a lien for all monies paid in relation to Plaintiff Steven Everett's injuries and damages.

**WHEREFORE,** Plaintiff, **STEVEN EVERETT** demands judgment against defendant, John Doe #1-10 (fictitious), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## <u>THIRD COUNT</u>
### <u>Defendant, ABC Corporation #1-10 (fictitious)</u>

21.    Plaintiffs repeat each and every allegation in the First and Second Counts of this Complaint as though fully set forth at length herein.

22.    On or about January 14, 2019, Plaintiff, Steven Everett, while in the course and scope of his employment with Waste Management of South Jersey, was lawfully on the premises of the Union Lake Crossing Shopping Center, 2102-2198 North 2nd Street, Millville, NJ.

23.    It is believed, and therefore averred that, at all times material, the Union Lake Crossing Shopping Center was owned, controlled, managed, and/or maintained by defendant ABC Corporation #1-10 (fictitious).

24.    At all times material, Plaintiff Steven Everett was emptying a dumpster, believed to be dedicated to the Sonic Drive-In, located in the Union Lake Crossing Shopping Center at 2162 North 2nd Street, Millville, NJ.

25.    It is believed, and therefore averred, that at all times material, the Sonic Drive-In located at 2162 North 2nd Street Millville, NJ was owned, controlled, managed, and/or maintained

by defendant, ABC Corporation #1-10 (fictitious).

26.     Additionally, defendant ABC Corporation #1-10 (fictitious) are companies or other entities who are presently unknown but were responsible for the removal of snow and ice in the area where Plaintiff fell and was injured on January 14, 2019.

27.     While out of his vehicle to empty the dumpster, which was in a confined and enclosed area, Plaintiff Steven Everett was caused to slip and fall on ice on the pavement, which the defendant, ABC Corporation #1-10 (fictitious) knew or should have known existed on the premises, but failed to either cure the hazardous condition or warn of the hazardous condition.

28.     The negligence and carelessness of the defendant ABC Corporation #1-10 (fictitious) consisted of the following:

       (a)    failing to keep the premises in a safe condition;
       (b)    failing to exercise proper care in maintaining the premises;
       (c)    causing and permitting a dangerous and hazardous condition to exist;
       (d)    permitting a nuisance to exist;
       (e)    failing to provide proper, safe, and clear access and usage for all persons allowed, permitted, and invited to use the premises;
       (f)    failing to provide proper safeguards and/or warnings on the premises;
       (g)    failing to properly secure and remedy the hazardous condition;
       (h)    failing to properly train and instruct its employees concerning proper maintenance and safety of the premises; and
       (i)    failing to properly design the dumpster enclosure and premises surrounding to prevent hazardous conditions to exist;
       (j)    failing to clear the area where Plaintiff fell of snow and ice; properly and safely
       (k)    acting otherwise negligent in the use, operation, maintenance, design, and control of the premises.

29.     As a result of the acts and/or omissions of defendant, ABC Corporation #1-10 (fictitious), Plaintiff, STEVEN EVERETT, sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, has been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure himself of said injuries, has been and will be prevented from attending to his normal business and affairs, and has been otherwise damaged.

30.     Because Plaintiff Steven Everett was injured in the course and scope of his employment, the applicable workers compensation insurer has a statutory right to a lien for all monies paid in relation to Plaintiff Steven Everett's injuries and damages.

**WHEREFORE,** Plaintiff, **STEVEN EVERETT**, demands judgment against defendant, ABC Corporation #1-10 (fictitious), for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

## FOURTH COUNT
### Ann Everett vs. All Defendants

31.     Plaintiffs repeat each and every allegation of the First, Second and Third Counts of this Complaint as though fully set forth at length herein

32.     At all times relevant hereto the Plaintiff, Ann Everett, was and is the lawful wife of the Plaintiff, Steven Everett.

33.     As a direct and proximate result of the negligence and carelessness of the defendants as aforesaid, the Plaintiff, Ann Everett has and will be deprived of the society, companionship and consortium of her loving husband, Steven Everett.

34.     As a further direct result of the actions of the defendants as aforesaid, the Plaintiff, Ann Everett, has and will be caused to expend large sums of money for medical bills and has incurred other costs in an effort to care for her husband's injuries, has suffered a serious disruption of her life, and has been otherwise damaged.

**WHEREFORE,** Plaintiff, **ANN EVERETT**, hereby demands judgment against defendants, Qual-Fresh LLC d/b/a Sonic Drive-In, 2162 N. 2nd St. LLC, Goodman Properties LLC, Goodmill, LLC, Brightview Landscapes, LLC and/or Turfscapes LLC John Doe #1-10 (fictitious) and ABC Corporation #1-10 (fictitious) for such sums as would reasonably and properly compensate her under the laws of the State of New Jersey, together with interest and costs of suit.

### DEMAND FOR JURY

PLEASE TAKE NOTICE that the Plaintiffs hereby demand a jury trial as to all of the within issues.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *R.* 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, provide to the undersigned a copy of each policy or agreement, or in the alternative state, under oath or certification; (a) policy number; (b) name and address of insurer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; (g) medical payment limits.

## NOTICE OF NO OTHER ACTION

Pursuant to **Rule 4:5-1** the Plaintiffs' Attorney hereby certifies to the best of his knowledge that there is no other action or arbitration pending in which the matter in controversy is the subject.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Michael E. Ellery, Esquire, is hereby designated trial counsel on behalf of Plaintiffs, Steven Everett and Ann Everett.

CONSOLE & ASSOCIATES, P.C.

By:_____
     Michael E. Ellery
     Attorney for Plaintiffs

# EXHIBIT B

**CHRISTOPHER P. MORGAN - Attorney ID #:  028372004**
**DENGLER & LIPSKI**
2000 Market Street, Suite 1100
Philadelphia, PA  19103
Direct Dial:  (215) 861-6712
Fax:  (215) 861-6737
Attorney for DefendantS/Third Party Plaintiff, Goodman Management, LLC d/b/a Goodman
Properties and Goodmill, LLC

---

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT, h/w, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiffs, | CAMDEN COUNTY |
| vs. | DOCKET NO.   CAM-L-112-21 |
| GOODMAN PROPERTIES, LLC; QUAL-FRESH, LLC D/B/A SONIC DRIVE-IN; BRIGHTVIEW LANDSCAPES, LLC; TURFSCAPES LLC; 2162 N. 2ND STREET LLC; GOODMILL, LLC; JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious), | *CIVIL ACTION* **ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND AND CERTIFICATION** |
| Defendants | |
| and | |
| GOODMAN PROPERTIES, LLC | |
| Defendant/Third Party Plaintiff | |
| vs. | |
| BRIGHTVIEW LANDSCAPES, LLC | |
| Third Party Defendant | |

Defendant/third party plaintiff, Goodman Management, LLC d/b/a Goodman Properties and Goodmill, LLC (hereinafter "Answering Defendants"), by and through its attorneys Dengler & Lipski, hereby generally deny all allegations of liability producing conduct and more specifically answer Plaintiff's Third Amended Complaint as follows:

## **FIRST COUNT**

1.      Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

2.      Denied.

3.      Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

4.      Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

5.      Denied.

6.      Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

7.      Denied.  Allegations of negligence or carelessness are specifically denied.

        (a)-(k)  Denied.

8.      Denied.  Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

9.      Denied.  Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

10.     Denied.  This paragraph improperly asserts a purported conclusion of law to which no response is required.

WHEREFORE, Answering Defendants demands judgment in their favor together with attorneys' fees and costs of suit.

## <u>SECOND COUNT</u>

11.     Answering Defendants hereby repeat and incorporate by reference the full and complete responses to all preceding paragraphs as if the same were set forth more fully at length herein.

12.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

13.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

14.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

15.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

16.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

17.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

18.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required

(a)-(k)  Denied.

19.     Denied.  Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

20.     Denied.  This paragraph improperly asserts a purported conclusion of law to which no response is required.

WHEREFORE, Answering Defendants demands judgment in their favor together with attorneys' fees and costs of suit.

## THIRD COUNT

21.     Answering Defendants hereby repeat and incorporate by reference the full and complete responses to all preceding paragraphs as if the same were set forth more fully at length herein.

22.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

23.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

23.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

24.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

25.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

26.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

27.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

28.     Denied.  The allegations set forth in this paragraph are not directed toward Answering Defendant and therefore, no further response is required.

(a)-(k)  Denied.

29.     Denied.   Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

30.     Denied.  This paragraph improperly asserts a purported conclusion of law to which no response is required.

WHEREFORE, Answering Defendants demands judgment in their favor together with attorneys' fees and costs of suit.

## FOURTH COUNT

31.     Answering Defendants hereby repeat and incorporate by reference the full and complete responses to all preceding paragraphs as if the same were set forth more fully at length herein.

32.     Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore the allegations are denied.

33.     Denied.   Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

34.     Denied.   Allegations of negligence or carelessness are specifically denied. Allegations of damages are specifically denied and strict proof thereof is demanded.

WHEREFORE, Answering Defendants demand judgment in their favor together with attorneys' fees and costs of suit.

## SEPARATE DEFENSES

1.  Answering Defendants specifically deny all allegations of negligence, carelessness, recklessness, causation, injury, damage and loss.

2.  Answering Defendants are an improper party in this action.

3.  Plaintiffs fail to state a claim upon which relief can be granted.

4.  Plaintiffs(s) lack standing to assert a claim.

5.  This Court lacks jurisdiction over Answering Defendants.

6.  This Court lacks jurisdiction over the subject matter of this action.

7.  Plaintiffs' claims are barred for failure to properly serve Answering Defendants.

8.  Plaintiffs' claims are barred for failure to join necessary/indispensable parties.

9.  Plaintiffs' claim is barred by the statutes of limitation and/or repose.

10. Plaintiffs' claim is barred by the doctrines of collateral estoppel and/or res judicata.

11. Plaintiffs' claim is barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

12. Plaintiffs' claim is barred by the doctrine of release.

13. Plaintiffs' claim is barred by the doctrine of assumption of risk.

14. This action is frivolous; therefore, Answering Defendants are entitled reasonable litigation costs and attorney fees.

15. Plaintiffs failed to mitigate the alleged losses, being specifically denied; as a result, any recovery by Plaintiffs should be eliminated, reduced or offset accordingly.

16. Plaintiffs received compensation from collateral sources; as a result, any recovery by Plaintiffs should be eliminated, reduced or offset accordingly.

17. Plaintiffs' alleged losses, being specifically denied, are de minimis, remote, speculative, and/or transient.

18. Answering Defendants complied with all applicable laws, regulations, specifications, and standards.

19. Answering Defendants violated no duty owed to Plaintiffs.

20. Plaintiffs' alleged losses, being specifically denied, were not caused by any act or omission of Answering Defendants.

21. Plaintiffs' alleged losses, being specifically denied, were caused, if at all, by the independent conduct and activities of persons over whom Answering Defendants had no control.

22. Plaintiffs' alleged losses, being specifically denied, were caused, if at all, by unavoidable circumstances beyond the control of Answering Defendants.

23. Plaintiffs' alleged losses, being specifically denied, were caused, if at all, by Plaintiffs' own negligence.

24. Plaintiffs' alleged losses, being specifically denied, were caused, if at all, by the intervening and superseding acts or omissions of persons or entities other than Answering Defendants.

25. Plaintiffs, other persons and other entities other than Answering Defendants were comparatively and/or contributory negligent; as a result of this negligence, any recovery by Plaintiffs should be eliminated, reduced or offset accordingly.

26. The location where this alleged loss occurred was not under the care, custody or control of Answering Defendants.

27. The location where this alleged loss occurred was under the care, custody and control of other persons and other entities other than Answering Defendants.

28. Answering Defendants did not have actual or constructive notice of the dangerous condition alleged, being specifically denied.

29. The dangerous condition alleged, being specifically denied, was open and obvious.

30. Answering Defendants incorporate and adopt by reference any/all additional defenses, raised or to be raised by any other party, except to the extent that same would impose liability on

Answering Defendants, and expressly reserves the right to amend and supplement these separate defenses upon further investigation and discovery.

## CROSSCLAIM FOR CONTRIBUTION

**PLEASE TAKE NOTICE** that the answering defendant demands contribution from the co-defendants pursuant to the Joint Tortfeasors Act of the State of New Jersey, N.J.S.A. 2A:53A-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

The allegations of the plaintiff's Complaint and the damages, if any, sustained by the plaintiff were the result of the sole, culpable acts of negligence of the co-defendants.

Any negligence on the part of the answering defendants was secondary and passive, thereby entitling the answering defendant to indemnification.

WHEREFORE, the answering defendants seek indemnification from the co-defendants for any Judgment rendered in favor of the plaintiff, together with the costs of suit and attorney's fees.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

Without admitting any liability herein, the answering defendants assert that there arises out of its relationship with co-defendants a contractual obligation entitling them to indemnification from co-defendants should liability be found against it.

WHEREFORE, the answering defendants demand judgment against co-defendants for indemnification of any sum for which it might be found liable.

## ANSWER TO CROSSCLAIMS

The answering defendant denies each and every Crossclaim filed against it or to be filed against it in this action.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Christopher P. Morgan, Esquire is hereby designated as trial counsel pursuant to <u>R</u>. 4:25-4.

## CERTIFICATION

I certify that this pleading was served within the time period allowed under <u>R</u>. 4:6-1(d), as extended.

I certify that at this time, upon information and belief, this matter in controversy is not the subject of another action pending in any Court or the subject of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. Furthermore, there are no other non-parties who should be joined in the action pursuant to <u>R</u>. 4:28 or who are subject to joinder pursuant to <u>R</u>. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## DEMAND FOR TRIAL BY JURY

Trial by jury is hereby demanded pursuant to <u>R</u>. 1:8-2 and <u>R</u>. 4:35-1.

**DENGLER & LIPSKI**
Attorneys for Defendant/Third Party Plaintiff
Goodman Management, LLC d/b/a Goodman
Properties and Goodmill, LLC

BY: _____
CHRISTOPHER P. MORGAN

Dated: October 1, 2021

**CHRISTOPHER P. MORGAN - Attorney ID #:  028372004**
**DENGLER & LIPSKI**
2000 Market Street, Suite 1100
Philadelphia, PA  19103
Direct Dial:  (215) 861-6712
Fax:  (215) 861-6737
Attorney for Defendant/Third Party Plaintiff, Goodman Management, LLC d/b/a Goodman
Properties and Goodmill, LLC

| | |
|---|---|
| STEVEN EVERETT AND ANN EVERETT, h/w,<br><br>                 Plaintiffs, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY |
| vs. | DOCKET NO.    CAM-L-112-21 |
| GOODMAN PROPERTIES, LLC; QUAL-FRESH, LLC D/B/A SONIC DRIVE-IN; JOHN DOE #1-10 (fictitious) and ABC CORPORATION #1-10 (fictitious),<br><br>                 Defendants | *CIVIL ACTION* |
| and<br>GOODMAN PROPERTIES, LLC<br>                 Defendant/Third Party Plaintiff | **CERTIFICATION OF SERVICE** |
| vs.<br>BRIGHTVIEW LANDSCAPES, LLC<br>_____ Third Party Defendant _____ | |

         I certify that I served by E-filing the original of the within Answer to plaintiffs' Third
Amended Complaint to the Camden County Clerk.

         I certify that I served a copy of this Answer on the attorneys listed below by electronic
mail.  I certify that the foregoing statements made by me are true.  I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

**ATTORNEY FOR PLAINTIFF:**
mellery@consoleandassociates.com
Michael E. Ellery, Esquire
Console & Associates, P.C.
One Holtec Drive
Suite 100

Marlton, NJ 08053

**ATTORNEY FOR CO-DEFENDANT (if any):     BRIGHTVIEW**
jferguson@fmglaw.com
Joshua Ferguson, Esquire
Freeman, Mathis & Gary
1600 Market Street, Suite 1210
Philadelphia, PA  19103

**ATTORNEY FOR CO-DEFENDNAT:  QUAL-FRESH, LLC d/b/a SONIC DRIVE-IN**
mjenks@rmh-law.com
Margaret M. Jenks, Esquire
REILLY, McDEVITT & HEINRICH
3 Executive Campus, Suite 310
Cherry Hill, NJ  08002

**ATTORNEY FOR CO-DEFENDANT:  TURFSCAPES, LLC**
Stephen.sobocinski@selective.com
Stephen G. Sobocinski, Esquire
Zirulnik, Demille & Flynn
309 Fellowship Road, Suite 330
Mt. Laurel, NJ  08054

Dated:   October 1, 2021     _____
Deborah Calabro, Legal Assistant